**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DARYL R. WESTFAL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 12-1466-JWL** |
| CAROLYN W. COLVIN,[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's assessment of Plaintiff's residual functional capacity (RFC), the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

I.  **Background**

Plaintiff applied for SSD and SSI, alleging disability beginning February 7, 2010. (R. 11, 181-87, 190-96). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges that after a hearing the Commissioner erred by reassigning the case to another Administrative Law Judge (ALJ) who erroneously issued the decision without holding a hearing himself; that the ALJ erred in many respects in assessing RFC; and that the ALJ erred at step four of the sequential evaluation process by failing to make specific, on-the-record findings regarding the physical and mental demands of Plaintiff's past relevant work.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind

might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

3

assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ assessed an RFC for light work without first performing a function-by-function assessment of Plaintiff's ability to stand, walk, or sit. Because the court finds remand is necessary, it will not provide an advisory opinion on the remaining errors alleged by Plaintiff. He may make arguments regarding those issues, if desired, to the Commissioner on remand.

**II.    RFC Assessment**

Plaintiff claims that the ALJ made numerous errors in assessing Plaintiff's RFC. The court finds that Plaintiff's first argument in this regard requires remand, and it does

not address Plaintiff's remaining allegations of error.  As relevant to this decision, Plaintiff argues that the ALJ assessed Plaintiff with the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" (R. 17) without first making a function-by-function assessment of his ability to walk, stand, or sit.  (Pl. Br. 15-17).  The Commissioner argues that although the regulations do not define a particular requirement for sitting, standing, or walking in light work, they do note that light work requires a "good deal of walking or standing."  (Comm'r Br. 7-8) (quoting 20 C.F.R. §§ 404.1567(b), 416.967(b)).  She points out that Social Security Ruling (SSR) 83-10 explains "that the full range of light work requires standing and/or walking, off and on, for a total of approximately six hours of an eight-hour workday with intermittent sitting during the remaining time," and that consequently "the ALJ's reference to light work properly addressed Plaintiff's capacity to sit, stand, and walk."  (Comm'r Br. 8).

**A.     Analysis**

As Plaintiff's Brief suggests, Social Security Ruling 96-8p explains that assessment of RFC involves a function-by-function consideration of each work-related ability <u>before</u> expressing RFC in terms of the exertional categories of "sedentary," "light," and so forth.  West's Soc. Sec. Reporting Serv., Rulings 143, 145-46 (Supp. 2013).  SSR 96-8p explains that this procedure is necessary because failure to perform a function-by-function assessment may result in an improper finding at step four regarding plaintiff's ability to perform his past relevant work as he actually performed it.  <u>Id.</u> Moreover, because certain occupations do not require the capacity to meet all the strength

demands of the full range of work in a particular exertional category, a failure to do a function-by-function assessment may result in improper findings at step four regarding plaintiff's ability to perform his past relevant work as it is generally performed in the national economy, or at step five regarding plaintiff's ability to perform other work in the national economy. Id. at 145-46 (also see examples 1-3, p. 146).

Plaintiff argues that because the ALJ first determined that Plaintiff is able to perform light work, he never specifically assessed Plaintiff's limitations with regard to walking, standing, or sitting. The Commissioner responds that although the ALJ did not state Plaintiff's walking, standing, and sitting limitations, he found that Plaintiff could perform light work "as defined in 20 CFR 404.1567(b) and 416.967(b)." (Comm'r Br. 7-8) (quoting R. 17). She argues that the cited regulations define light work as requiring a "good deal of walking or standing," that SSR 83-10 explains that the full range of light work requires the ability to stand and/or walk for a total of approximately six hours in an eight-hour workday, and that therefore, "the ALJ's reference to light work properly addressed Plaintiff's capacity to sit, stand, and walk." Id. at 8.

The Commissioner's argument confirms the error in the decision. As she tacitly admits, the ALJ addressed nothing in his decision to consideration of Plaintiff's abilities with regard to sitting, standing, and/or walking during a workday. "A good deal of walking or standing" as required by the regulations to which the ALJ cited, addresses a wide range of jobs with different sitting, and walking and/or standing limitations which would be classified as light work. However, other than assessing an exertional capacity

6

for light work, the ALJ said nothing with regard to how much of the sitting, stand, and walking required by light work was within Plaintiff's capability. This problem cannot be resolved by looking to the testimony of the vocational expert, because in the hypothetical presented to that expert, the ALJ only stated that Plaintiff was "capable of light work" (R. 69), and did not provide any indication that he had specifically considered Plaintiff's ability to sit, stand, or walk.

While it is true that SSR 83-10 explains that the full range of light work requires the ability to stand and/or walk approximately 6 hours in a workday, and the regulations imply there is no substantial difference in the sitting requirements between sedentary work and the full range of light work, the decision does not reveal that the ALJ was relying on SSR 83-10 or on the similarity between the sitting requirements of light and sedentary work. Beyond the fact that the ALJ summarized Plaintiff's testimony regarding his sitting, standing, and walking limitations and found that testimony "not credible" (R. 18), there is simply no indication that the ALJ considered or made a finding regarding Plaintiff's actual abilities in this regard.

This is the very problem the function-by-function assessment requirement in SSR 96-8p was designed to forestall. SSR 96-8p explains that "[w]ithout a careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have."

7

West's Soc. Sec. Reporting Serv., Rulings 146 (Supp. 2013) (example 3). While the Commissioner argues that the ALJ did not overlook limitations regarding sitting, standing, and/or walking, the ALJ did not even state the sitting, standing, and/or walking limitations attributed to Plaintiff, and there is simply no basis within the decision (or even within the hypothetical questions presented to the vocational expert) to support the Commissioner's assertion that the ALJ considered Plaintiff's specific limitations in that regard.

Remand is necessary for the Commissioner to ensure that a function-by-function assessment of Plaintiff's ability to sit, stand, and/or walk is made in accordance with the dictates of SSR 96-8p before the exertional level of Plaintiff's abilities is assessed.

**IT IS THEREFORE ORDERED** that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 14th day of April 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum  
**John W. Lungstrum**  
**United States District Judge**
